LAWRENCE K. ROCKWELL, #72410
ERIC DONEY, #76260
JULIE E. HOFER, #152185
ANDREW S. MACKAY, #197074
DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
300 Lakeside Drive, Suite 1900
Oakland, California 94612-3570
Telephone: (510) 451-0544
Facsimile: (510) 832-1486
Email: julie@donahue.com

Attorneys for Plaintiff
AUTODESK, INC.

ORIGINAL

FILED
MAY - 5 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUTODESK, INC., a Delaware corporation,

    Plaintiff,

v.

IO MEDIA, INC., a New York corporation,

    Defendant.

CASE NO. C09-01965 PVT

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

NOTICE OF ASSIGNMENT TO MAGISTRATE JUDGE SENT

Plaintiff Autodesk, Inc. ("Autodesk"), for its complaint against Defendant IO Media, Inc. ("IOMedia") states and alleges as follows:

## JURISDICTION AND VENUE

## PARTIES

1. Autodesk is a Delaware corporation with its principal place of business in San Rafael, California.

2. On information and belief, IOMedia is a New York corporation, with its principal place of business in New York, New York.

## JURISDICTION

3. This case contains a claim for relief for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq*. The Court has subject matter jurisdiction over the claim relating to copyright infringement pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

4. Autodesk is informed and believes and thereon alleges that IOMedia knew, or reasonably should have known, that Autodesk is located in California, and that IOMedia directed and aimed its alleged unauthorized activity at Autodesk, which is located in the Northern District of California. Autodesk is informed and believes and thereon alleges that IOMedia knew, or reasonably should have known, that Autodesk would likely suffer the brunt of the harm caused by defendant in California at Autodesk's principal place of business. The complained of activities caused Autodesk to bear the brunt of the harm in California at its principal place of business in San Rafael, California within this District.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a), (b), (c) and 1400(a).

## INTRADISTRICT ASSIGNMENT

6. Because this matter is an Intellectual Property Action, there is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF         CASE NO.

## GENERAL ALLEGATIONS

### The Business of Autodesk

7. Autodesk is in the business of developing, marketing, and licensing computer software programs recorded on various media, including among others optical disks (hereinafter referred to as "software"), for use on personal computers. Autodesk packages and distributes its software together with associated user instruction manuals (referred to herein as "reference manuals"), end-user license agreements, and other documentation.

8. Autodesk has made and continues to make a substantial investment of time, effort, and expense in the design, development, testing, manufacturing, publishing, and marketing of its computer software products.

9. Autodesk's software products include computer aided design and other design programs, such as AutoCAD® 2008 software, AutoCAD® 2009 software, AutoCAD LT® 2005 software, Autodesk® 3ds Max® 9 software, Autodesk® 3ds Max® 2008 software, and Autodesk® 3ds Max® 2009 software. These products along with their reference materials are referred to collectively hereinafter as the "Autodesk Products."

10. The Autodesk Products contain a large amount of material wholly original with Autodesk and are copyrightable subject matter under the laws of the United States.

11. At all times herein relevant, Autodesk complied in all respects with the U. S. Copyright Act, 17 U.S.C. §§ 101, *et seq.*, (the "Copyright Act") and secured the exclusive rights and privileges in and to the copyrights in the Autodesk Products. Each of the aforementioned works is an original work, copyrightable under the Copyright Act, and has been timely registered in full compliance with the Copyright Act. Autodesk has received Certificates of Registration from the Register of Copyrights for the Autodesk Products, copies of which are attached hereto as Exhibit A.

12. Since the dates of their respective registrations, the Autodesk Products have been published by Autodesk or under its authority. All copies of said items made by Autodesk or under its authority have been published in compliance with the provisions of the Copyright Act. Autodesk has thereby fully maintained the validity of the copyrights in these works.

-2-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     CASE NO.

13. Autodesk has not authorized IOMedia to copy, reproduce, or distribute the Autodesk Products.

## The Business and Wrongful Conduct of IOMedia

14. Autodesk is informed and believes and thereon alleges that Defendant is a multi-disciplinary creative agency and provides a variety of digital design services to its clients, including 3D visualization, animation, and web site design. Autodesk is informed and believes and thereon alleges that to conduct said business IOMedia engaged in the unauthorized reproduction of the Autodesk Products onto computers located at its premises and has willfully and intentionally engaged in the conduct complained of herein.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

15. Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 14 as though fully set forth herein.

16. IOMedia's acts constitute infringement of Autodesk's copyrights in the Autodesk Products in violation of the Copyright Act.

17. Autodesk is informed and believes and thereon alleges that IOMedia's reproduction of the Autodesk Products was deliberate, willful, malicious, oppressive, and without regard to Autodesk's proprietary rights.

18. IOMedia's copyright infringement has caused, and will continue to cause, Autodesk to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to, and copyrights in, the Autodesk Products and, further, has damaged Autodesk's business reputation and goodwill, diverted its trade, and caused a loss of profits, all in an amount not yet ascertained.

19. IOMedia's copyright infringement, and the threat of continuing infringement, has caused, and will continue to cause, Autodesk repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for IOMedia's continuing acts, and a multiplicity of judicial proceedings would be required. Autodesk's remedy at law is not adequate to compensate it for the injuries already inflicted and

-3-

further threatened by IOMedia. Therefore, IOMedia should be restrained and enjoined pursuant to the Copyright Act.

WHEREFORE, Autodesk prays for relief as hereinafter set forth below.

## SECOND CLAIM FOR RELIEF

### (Circumvention of Copyright Protection)

20. Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 19 as though fully set forth herein.

21. Autodesk owns the exclusive rights and privileges in and to the copyrights in the Autodesk Products and their reference manuals.

22. The Autodesk Products contain technological measures that effectively control access to them (hereinafter collectively referred to as "Access Control Technology").

23. Autodesk is informed and believes and thereon alleges that to engage in the unauthorized use and reproduction of the Autodesk Products to conduct their business, IOMedia used without Autodesk's authorization one or more devices and/or products to willfully and intentionally circumvent the Access Control Technology contained in the Autodesk Products.

24. Autodesk is informed and believes and thereon alleges that IOMedia circumvented the Access Control Technology without authorization from Autodesk as alleged herein in violation of 17 U.S.C. § 1201(a).

25. IOMedia's circumvention of the Access Control Technology in the Autodesk Products has caused, and will continue to cause, Autodesk to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to, and copyrights in, the Autodesk Products and, further, has damaged Autodesk's business reputation and goodwill, diverted its trade, and caused a loss of profits, all in an amount not yet ascertained.

26. IOMedia's circumvention of the Access Control Technology in the Autodesk Products, and the threat of continuing circumvention, has caused, and will continue to cause, Autodesk to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for IOMedia's continuing acts, and a multiplicity of judicial proceedings would be required. Autodesk's remedy at law is

-4-

not adequate to compensate it for the injuries already inflicted and further threatened by IOMedia. Therefore, pursuant to the Copyright Act, IOMedia should be restrained and enjoined and any device or product in IOMedia's custody or control that enabled or was involved in the circumvention should be impounded pursuant to the Copyright Act, 17 U.S.C. § 1203(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Autodesk prays for relief as follows:

1. That, upon motion, the Court issue a preliminary injunction enjoining and restraining IOMedia and its respective agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with IOMedia, from:

    (a) Copying, reproducing, distributing, or using any unauthorized copies of Autodesk's copyrighted products;

    (b) Using any device or product to circumvent the Access Control Technology in the Autodesk Products;

    (c) Otherwise infringing any of Autodesk's copyrights;

    (d) Destroying or otherwise disposing of any hardware, software, CD-ROMs, or documents, including, but not limited to, business records that pertain to the copying, reproduction, distribution, or use of any articles infringing any of Autodesk's copyrights or that pertain to the circumvention of the Access Control Technology in the Autodesk Products;

    (e) Destroying or otherwise disposing of any copies of infringing materials pertaining to the Autodesk Products; and

    (f) Destroying any copies of any device or product used or capable of being used by Counter-Defendants to circumvent the Access Control Technology in the Autodesk Products;

2. That the Court upon application immediately issue an order impounding all unauthorized copies of the Autodesk Products pursuant to 17 U.S.C. § 503(a) and impounding all devices or products in IOMedia's custody or control that enabled or were involved in the circumvention of the Access Control Technology pursuant to the Copyright Act, 17 U.S.C. § 1203(b);

-5-

3. That the Court issue a permanent injunction making permanent the orders requested in paragraphs 1(a), (b), and (c) of this Prayer for Relief;

4. That Autodesk be awarded for IOMedia's copyright infringement either: (i) actual damages in an amount to be determined at trial, together with the profits derived from IOMedia's unlawful infringement of Autodesk's copyrighted products; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Autodesk's election before the entry of a final judgment;

5. That Autodesk be awarded for IOMedia's unauthorized circumvention of the Access Control Technology in the Autodesk Products either: (i) actual damages in an amount to be determined at trial, together with the profits attributable to IOMedia's circumvention of the Access Control Technology in the Autodesk Products; or (ii) statutory damages for each act of circumvention in an amount provided by law, as set forth in 17 U.S.C. § 1203(c)(3)(A), at Autodesk's election before the entry of a final judgment;

6. That the Court issue an order requiring IOMedia to file with this Court and serve on Autodesk within thirty (30) days after service of an injunction a report, in writing, under oath, setting forth in detail the manner and form in which IOMedia has complied with the injunction;

7. That the Court issue an order upon judgment requiring IOMedia to destroy any and all infringing copies of the Autodesk Products;

8. That the Court issue an order upon judgment requiring IOMedia to destroy any and all devices and/or products that enabled or were involved in IOMedia's unauthorized circumvention of the Access Control Technology in the Autodesk Products;

9. That the Court award Autodesk its reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5);

10. That the Court award Autodesk its costs of suit incurred herein; and

11. That the Court grant such other and further relief as it deems just and proper.

///

///

///

## DEMAND FOR JURY TRIAL

Autodesk hereby demands a jury trial.

Dated: May 5, 2009

DONAHUE GALLAGHER WOODS LLP

By: /s/ Julie E. Hofer
Julie E. Hofer
Attorneys for Plaintiff
AUTODESK, INC.